NO. 24-3367

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

JEFFREY B. SEDLIK, an individual

PLAINTIFF-APPELLANT,

v.

KATHERINE VON DRACHENBERG,
an individual; AKA Kat Von D; et al.,

DEFENDANTS-APPELLEES.

On Appeal from the United States District Court
for the Central District of California, Los Angeles
2:21-cv-01102-DSF-MRW
The Honorable Dale S. Fischer

**AMENDED MOTION FOR LEAVE TO FILE OUT OF TIME
BRIEF OF AMICUS CURIAE ELECTRONIC FRONTIER
FOUNDATION IN SUPPORT OF
DEFENDANTS - APPELLEES AND AFFIRMANCE**

Corynne McSherry
Kit Walsh
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Email: corynne@eff.org
Telephone: (415) 436-9333
Fax: (415) 436-9993

*Counsel for Amicus Curiae*

Pursuant to Federal Rule of Appellate Procedure 29(a)(3), Electronic Frontier Foundation ("EFF") makes this motion for leave to file out of time the accompanying *amicus curiae* brief in support of Defendant – Appellees' appeal.

1. Interest of *amicus curiae*.

The Electronic Frontier Foundation ("EFF") is a non-profit civil liberties organization with more than 35,000 dues-paying members that has worked for 30 years to ensure that technology supports freedom, justice, and innovation for all people of the world.

EFF has served as *amicus curiae* in most of the significant cases concerning copyright and technology in the last decade, including *Authors Guild v. Google* (2d Cir. 2012); *Authors Guild v. HathiTrust* (2d Cir. 2013); *Cisco v. Arista* (Fed. Cir. 2017); *SAS Inst. v. World Programming* (4th Cir. 2017); *Oracle v. Google* (Fed. Cir. 2013, 2017, 2018; S.Ct. 2014, 2019).

2. Why this brief is desirable and relevant.

In the accompanying brief, EFF explains the impact that an overly-restrictive fair use analysis would have on technological innovation and why it would be inconsistent with both Andy Warhol Foundation for the *Visual Arts, Inc. v. Goldsmith* and other precedent to create new obstacles to fair uses that do not "target" an original work in the ways listed in Section 107's preamble. 598 U.S. 508 (2023). EFF also explains why "commerciality" under the first fair use factor

1

should involve financial gain with a close nexus to infringement, except for cases with unusual facts where the original author and secondary user were both competing for an alternative resource that was equivalent to financial gain in those circumstances.

3.  Consent and timeliness.

EFF mistakenly believed that the brief had been timely filed on December 20, 2024. EFF was then closed until January 2, 2025, at which point the error was discovered. The attached Amended Affidavit of James A. Littau further details the circumstances of the error. Please note that this Amended Affidavit also corrects the record regarding EFF's initial attempted filing. In preparing his first Affidavit, Mr. Littau mistakenly recalled having received a confirmation message from the Court on December 20; that message never occurred.

EFF deeply regrets both errors and submits this amended Motion and Affidavit to ensure that the Court has a complete and accurate record of the events related to EFF's attempted filing. In addition, as senior attorney for this matter I take full responsibility and personally apologize to the Court.

Both parties consented to EFF's initial attempted submission and both consent to the untimely re-submssion of this brief. For avoidance of doubt, the brief itself has not been amended since the initial submission attempt.

CONCLUSION

For the foregoing reasons, the instant amended motion for leave to file out of time an *amicus curiae* brief should be granted.

Dated: January 10, 2025                      Respectfully submitted,

By: /s/ *Corynne McSherry*
　　　Corynne McSherry
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Email: corynne@eff.org
Telephone: (415) 436-9333
Fax: (415) 436-9993

3

## AMENDED AFFIDAVIT OF JAMES A. LITTAU

I, James A. Littau, state:

1. I am a legal secretary employed by Electronic Frontier Foundation ("EFF").

2. On Friday, December 20, 2024, at approximately 1:30 p.m. Pacific Standard Time, I prepared and submitted through the Court's electronic filing platform the Brief of Amicus Curiae Electronic Frontier Foundation in Support of Defendants – Appellees and Affirmance.

3. At that time, I believed that I had completed the entire uploading and filing process for the brief.

4. EFF was closed for the holidays effective December 23, 2024. Nevertheless, we were prepared to submit printed copies of our brief upon receiving the anticpated Order from the Court requiring that submission.

5. Upon returning to the office on January 2, 2025, I checked the status of the filing of the brief and saw that there was no notice confirming that the brief had been filed. I phoned the Court and learned that there was no record of the filing. I cannot explain this; it was my understanding that the filing was complete as of December 20, 2024, and the only remaining detail was to submit printed copies upon the Court's anticipated Order.

4

6.       As stated in my Affidavit in support of EFF's first Motion to File out of Time, filed January 3, 2025, I also mistakenly remembered that I had received a confirmation message from the Court. I have since realized that that did not occur.

I declare under penalty of perjury that the foregoing is true and correct of my own knowledge.

Dated: January 10, 2025                               By: /s/ *James A. Littau*
                                                                                        James A. Littau

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on January 10, 2025.

I certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

Dated: January 10, 2025

By: /s/ *Corynne McSherry*
Corynne McSherry

*Counsel for Amicus Curiae*