No. 24-3367

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

JEFFREY B. SEDLIK,

*Plaintiff-Appellant*,

v.

KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D"), an individual;
KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a
California corporation; and DOES 1 through 10, inclusive,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Central District of California
No. 2:21-cv-01102-DSF-MRW
Hon. Dale S. Fischer

---

## RESPONSE TO PETITION FOR REHEARING

---

Allen B. Grodsky
LEECH TISHMAN NELSON HARDIMAN
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Tel: (310) 203-2800
agrodsky@leechtishman.com

*Attorneys for Defendants/Appellees*
Katherine Von Drachenberg, Kat Von D, Inc.
and High Voltage Tattoo, Inc.

# TABLE OF CONTENTS

**Page**

1.    INTRODUCTION ...................................................................................5

2.    THERE ARE NO "EXTRAORDINARY CIRCUMSTANCES"
      WHICH WOULD JUSTIFY CONSIDERATION ON AN BANC
      REHEARING OF ISSUES NOT PREVIOUSLY RAISED............................6

3.    THE UNIQUE FACTUAL CIRCUMSTANCES OF THIS CASE
      MAKE IT THE WRONG VEHICLE TO REVISIT THE NINTH
      CIRCUIT'S LONGSTANDING INTRINSIC/EXTRINSIC TESTS ..............11

4.    CONCLUSION.....................................................................................13

CERTIFICATE OF COMPLIANCE ..............................................................14

CERTIFICATE OF SERVICE .......................................................................15

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Cavalier v. Random House, Inc.*,
  297 F.3d 815 (9th Cir. 2002) ....................................................... 7

*Divine Dharma Meditation Int'l Inc. v. Inst. of Latent Energy Stud.*,
  2021 WL 3721438 (9th Cir. Aug. 23, 2021) .............................. 12

*Downing v. Abercrombie & Fitch*,
  813 F.2d 283 (9th Cir. 1987) ...................................................... 12

*Escobar Ruiz v. I.N.S.*,
  11 F.4th 26 (2d Cir. 2021), *aff'd.,* 598 U.S. 508 (2023) ............ 7

*Funky Films v. Time Warner Entertainment Co.*,
  462 F.2d 1072 (9th Cir. 2006) ...................................................... 7

*Google LLC v. Oracle Am., Inc.*,
  593 U.S. 1 (2021) ........................................................................ 12

*Lopez v. Pac. Mar. Ass'n*,
  657 F.3d 762 (9th Cir. 2011) ........................................................ 8

*Partenweederei, MS Belgrano v. Weigel*,
  313 F.2d 423 (9th Cir. 1962) ........................................................ 7

*Rentmeester v. Nike, Inc.*,
  883 F.3d 1111 (9th Cir. 2018) .................................................... 12

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*,
  952 F.3d 1051 (9th Cir. 2020) .................................................... 12

*Three Boys Music Corp. v. Bolton*,
  212 F.3d 477 (9th Cir. 2000) ........................................................ 7

*United States v. Patzer*,
  284 F.3d 1043 (9th Cir. 2002) ...................................................... 7

*United States v. Sutherland*,
  428 F.2d 1152 (5th Cir.1970) ....................................................... 7

*Williams v. Gaye*,
   895 F.3d 1106 (9th Cir. 2018)................................................... 7

*Woodland v. Hill*,
   136 F.4th 1199 (9th Cir. 2025)................................................... 7

## Other Authorities

4 M. Nimmer & D. Nimmer, *Nimmer on Copyright*
   § 13(D) (2025)………………………………………….......... 10

## Miscellaneous

*The Beginning of the End: Preliminary Results of an*
*Empirical Study of Copyright Substantial Similarity*
*Opinions in the U.S. Circuit Courts*,
   2013 Mich. St. L. Rev. 513 (2013)……………………………. 10

Morris & Alvey, *Knowledge and the Perceived Value of Paintings:*
*The Role of Time, Presence, and the Contagion Effect on Art*
*Evaluation*,
   18 Psychol. Of Aesthetics, Creativity and Arts 269 (2024)……… 11

4

1.    **INTRODUCTION.**

Appellant Jeffrey Sedlik seeks en banc review on an issue that he not only never previously raised, but one that is inconsistent with the position he took throughout this case.  From day one, Sedlik has consistently argued that he satisfied the extrinsic and intrinsic tests used by the Ninth Circuit for more than thirty-five years to establish substantial similarity.  Having lost this argument at summary judgment, before the jury, on a motion for judgment, and on appeal, Sedlik now asks the Ninth Circuit to abandon these tests and apply a completely different test to this case (presumably one that would yield him a different result).  Sedlik has failed to establish the "extraordinary circumstances" that case law requires for him to be allowed to raise an entirely new issue on a petition for rehearing en banc.  This is especially true when not a single person or entity has filed an amicus brief supporting the grant of rehearing in this case.

Even were the Court to want to revisit its longstanding test for substantial similarity, this is the wrong case to do so.  The facts are unique.  The primary allegedly infringed work is a single tattoo that Appellee Katherine Von Drachenberg ("Kat Von D") inked for free for a friend, and the jury and trial court were able to inspect the actual three-dimensional tattoo on the arm of her friend.  There are multiple, additional and completely *distinct* allegedly infringed works – primarily social media posts of Kat Von D's process in creating the tattoo -- and the jury

5

implicitly found that Appellant failed to satisfy both the extrinsic and intrinsic test as to each.[1]  Finally, the copyrighted work is a photograph and the Ninth Circuit has repeatedly explained that photographs are treated differently for substantial similarity purposes than other works, making this a particular inappropriate case to revisit a test that applies to all copyrighted works.

Therefore, Sedlik's petition for rehearing en banc should be denied.

## 2.   THERE ARE NO "EXTRAORDINARY CIRCUMSTANCES" WHICH WOULD JUSTIFY CONSIDERATION ON EN BANC REHEARING OF ISSUES NOT PREVIOUSLY RAISED.

Sedlik's sole basis for his petition for rehearing en banc is that, in his opinion, the panel decision involves a question of "exceptional importance," specifically, whether the Ninth Circuit should abandon its extrinsic and intrinsic tests to determine substantial similarity.  These tests and the Court's reluctance to second guess the jury's application of the intrinsic test have been restated and affirmed by multiple

---

[1]    There was one set of social media posts – showing Kat Von D inking the tattoo while using Sedlik's photograph as a reference (and referred to by the Panel as the "Process Posts") – which Appellee agreed were substantially similar because they actually displayed Sedlik's photograph.  The jury found those Process Posts to be a fair use and the panel affirmed that finding.  (DktEntry 94.1.) Because the jury found that the tattoo and other allegedly infringing works were not substantially similar, it did not reach the issue of whether they too were fair uses.

6

judges over close to thirty years. *See, e.g., Funky Films v. Time Warner Entertainment Co.*, 462 F.2d 1072, 1076 (9th Cir. 2006); *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002); *Woodland v. Hill*, 136 F.4th 1199, 1210 (9th Cir. 2025); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000).

Given that no industry groups or copyright organizations found this issue important enough to file amicus briefs, it is not at all clear why this is an issue of exceptional importance. But, more importantly, Sedlik did not raise or preserve the issue of the validity of the extrinsic and intrinsic tests at trial or on appeal and that alone should result in the denial of this petition.

The Ninth Circuit "will ordinarily not consider for the first time on rehearing issues not presented by the parties in their briefs on appeal." *United States v. Patzer*, 284 F.3d 1043, 1045 (9th Cir. 2002).

Thus, "[a] case must involve 'extraordinary circumstances [to] justify our considering on petition for rehearing, issues which were not previously presented.'" *Id*. *See also Escobar Ruiz v. I.N.S.*, 813 F.2d 283, 286 (9th Cir. 1987), *quoting, United States v. Sutherland,* 428 F.2d 1152, 1158 (5th Cir.1970) ("A case must involve 'extraordinary circumstances [to] justify our considering on petition for rehearing, issues which were not previously presented'").

As explained in *Partenweederei, MS Belgrano v. Weigel*, 313 F.2d 423 (9th

7

Cir. 1962):

> It is sound policy to require that all claims be presented to
> the trial court, and not raised for the first time on appeal,
> nor, a fortiori, as herein, in a petition for rehearing on
> appeal.  This requirement sets the scope of the lawsuit,
> thereby preventing piecemeal litigation and consequent
> waste of the time of both trial and appellate courts.  It
> assures that the opposing party will know the claims he
> must meet. It gives the appellate court the benefit of the
> district court's wisdom, and it prevents a litigant from
> asserting before this Court a claim which he deliberately
> chose, for reasons of strategy, not to assert below. We find
> here no persuasive reason for making an exception.

*Id*. at 425.  *See also Lopez v. Pac. Mar. Ass'n,* 657 F.3d 762, 766-67 (9th Cir. 2011)

(where Plaintiff offered a new theory in a petition for rehearing, holding that "[t]o

allow Plaintiff to make this argument now, after the case has been litigated, appealed,

briefed, submitted, and decided, would deprive us of the assistance of our colleague

below and would deprive Defendant of the opportunity to meet Plaintiff's new

argument in the proper course").

There is no dispute that Sedlik never argued in the trial court or on appeal that

the intrinsic/extrinsic tests should be reconsidered (or that the Ninth Circuit should reverse its oft stated rule that it should not second guess a jury on the intrinsic test). To the contrary, Sedlik consistently argued that *he satisfied both tests* or, alternatively, that because there was evidence of direct copying, he was excused from having to satisfy them. *See* 1-ER-5 (on motion for judgment, he argued that "he has satisfied the intrinsic test"), 1-ER-12 (no challenge to substantial similarity instructions); 2-ER-347 (on summary judgment, he argued that he "easily establishe[d] substantial similarity under both the extrinsic and intrinsic tests"). *See also* Appellant's Opening Brief, p. 42 ("Both the extrinsic and intrinsic tests are met"); Appellant's Reply Brief, p. 12 ("Both the extrinsic and intrinsic tests are met as a matter of law").

Therefore, because this issue was never raised in the court below or on appeal, it is not enough to show that the issue is one of "exceptional importance" (FRAP 40 (b)(2)(D)), as Appellant unsuccessfully tries to do in his petition. He also must establish that there are "extraordinary circumstances" that require this issue to be resolved *now in this case* and that he doesn't even attempt to do, nor could he do.

This particular case, in which a photographer sued a tattoo artist who had inked a *single* tattoo on friend *for free* is not an extraordinary case that requires the attention and time of the Ninth Circuit en banc panel.

There is no emergency here. Copyright infringement cases are filed all the

time: there will be many opportunities for the Ninth Circuit to take up the issue of whether the intrinsic/extrinsic test should be revisited and they can do so when the parties have actually and actively litigated that issue. If this were an appropriate case to take up this issue, there would be amicus briefs from industry and copyright groups supporting the grant of the petition and there are none.

Perhaps the reason that there is no clamor among industry groups for review of this issue is that it is debatable whether the Ninth Circuit's use of the intrinsic/extrinsic test has a measurable effect on the results of cases. Nimmer suggests that the differences between the circuits' substantial similarity tests may be "more cosmetic than substantive, in terms of actual results." (4 Nimmer *Nimmer on Copyright* § 13(D).21[D] at 12D-183 (2025). Indeed, one researcher who conducted an empirical study of substantial similarity opinions, concluded that any differences in the substantial similarity tests "are inconsequential" and "[n]o test is superior." *Id*., *quoting,* Katherine Lippman, *The Beginning of the End: Preliminary Results of an Empirical Study of Copyright Substantial Similarity Opinions in the U.S. Circuit Courts*, 2013 Mich. St. L. Rev. 513, 563 (2013).[2]

Bottom line, there are no extraordinary circumstances that merit the en banc

---

[2] Appellant incorrectly argues that no other circuit uses the Ninth Circuit's extrinsic/intrinsic tests. In fact, "[t]he Federal Circuit . . . appears to have wholeheartedly adopted the [Ninth Circuit's *Krofft*] test. So, too, does the Eighth Circuit." (Nimmer § 13D.21.)

panel not following the ordinary rule that issues cannot be raised for the first time on en banc review. That alone should result in the petition being denied.

**3.    THE UNIQUE FACTUAL CIRCUMSTANCES OF THIS CASE MAKE IT THE WRONG VEHICLE TO REVISIT THE NINTH CIRCUIT'S LONGSTANDING INTRINSIC/EXTRINSIC TESTS.**

Even were the Ninth Circuit to want to revisit its longstanding intrinsic/extrinsic test, there are a number of reasons this is the wrong case to do so.

The primary allegedly infringing work here is a single tattoo. This is a rare case where the reviewing court will never be able to review exactly what the jury and trial court saw with their own eyes, that is, the actual tattoo on the arm of Kat Von D's friend. This is not an irrelevant distinction. *See* Brief of Amici Curiae Copyright Law Professors (DktEntry 43.1), p. 9, citing Morris & Alvey, *Knowledge and the Perceived Value of Paintings: The Role of Time, Presence, and the Contagion Effect on Art Evaluation*, 18 Psychol. Of Aesthetics, Creativity and Arts 269, 272, 277 (2024) (finding that in-person evaluations of paintings differed from evaluations of digital images of paintings).

Furthermore, the tattoo is not the only challenged work here. There are multiple other challenged works, including a sketch used to size the tattoo and a number of social media posts showing the tattoo in the process of being inked and in

11

various stages of completion. Each of these is distinct and would have to be individually reviewed and analyzed. Because the verdict form in this case did not ask the jury to separately indicate their view on the intrinsic and extrinsic tests, the court must assume that the jury decided both the intrinsic and the extrinsic test in Kat Von D's favor. *See Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 23-24 (2021); *Divine Dharma Meditation Int'l Inc. v. Inst. of Latent Energy Stud.*, 2021 WL 3721438, at *1 (9th Cir. Aug. 23, 2021).

Finally, the copyrighted work here is a photograph and the Ninth Circuit has already recognized that claims based on photographs are different, and don't follow the same kind of analytic dissection used for claims based on other copyrighted works. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1119 (9th Cir. 2018), *overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020). Add to that the fact that *this* photograph is of a human being and renowned musical celebrity; and "a person's . . . likeness is not a work of authorship . . . notwithstanding the fact that Appellants' names and likenesses are embodied in a copyrightable photograph." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004 (9th Cir. 2001).

In other words, this case has a peculiar set of facts that make it not the best vehicle to revisit a doctrine that applies to all copyright infringement claims. The petition for rehearing should therefore be denied.

4.      **CONCLUSION**.

Because Sedlik has failed to show that the issue he seeks reviewed is one of exceptional importance or that there are extraordinary circumstances that would justify review of an issue not raised in the Courts below, and because of the unique facts of this case, Sedlik's petition for rehearing en banc should be denied.


Date:  March 10, 2026              LEECH TISHMAN NELSON HARDIMAN


                                   */s/ Allen B. Grodsky*
                                   Allen B. Grodsky

                                   *Attorneys for Defendants/Appellees*
                                   Katherine Von Drachenberg, Kat Von D, Inc.
                                   and High Voltage Tattoo, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form: http://www.ca9.uscourts.gov/forms/forml l instructions.pdf*

**9th Cir. Case Number(s)** 24-3367

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition for rehearing en banc is:

[ **X**] Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words: 2,048**.
*(Petitions and responses must not exceed 4,200 words)*

**OR**

[ ] In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature**   *Isl Allen B. Grodsky*   **Date**   March 10, 2026
*(use* "s/[typed name]" *to sign electronically-filed documents)*

14

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2026, I electronically filed the foregoing with the Clerk of Court for the United States Courts of Appeals for the Ninth Circuit by using the appellate CM/ECF system. All counsel of record in this case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

Date: March 10, 2026          LEECH TISHMAN NELSON HARDIMAN


                              */s/ Allen B. Grodsky*
                              Allen B. Grodsky

                              *Attorneys for Defendants/Appellees*
                              Katherine Von Drachenberg, Kat Von D, Inc.
                              and High Voltage Tattoo, Inc.